**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF SOUTH CAROLINA**
**ROCK HILL**

USDC CLERK, COLUMBIA, SC
RECEIVED
2019 FEB -4 PM 4: 13

Francisco K. Avoki,
Prisca A. Avoki,
William P. Avoki.

***Plaintiffs*,**

v.

City of Chester SC ,
Police Dpt. Of Chester SC,
Hy-Gloss Paint & Body Shop Inc,
CPL. Robert Martz, *Individually,*
PTL. Tyler Covington, *Individually,*
DOES I-XXX.

***Defendants,***

**COMPLAINT AND DEMAND OF JURY TRIAL.**

**Magistrate :**____________________
**Hon. Judge:**____________________
CIVIL ACTION N°.____________________

1. **Origin Discrimination,**
2. **Racial discrimination,**
3. **Negligence,**
4. **Violation of 4th Amendment,**
5. **Discriminatory non-enforcement of the Law,**
6. **conspiracy and**
7. **illegal seizure**

## I. INTRODUCTION

A Civilized and modern society like the USA should be petrified that nation origin and or racial discrimination, may go unreported in because victims of discrimination do not know their legal rights, may be afraid to protest to the Government or just stand for the TRUTH.

Chester County South Carolina ( The Confederate battle **flag** has flown somewhere at the **South Carolina** Capitol grounds in Columbia for 54 years until Jul 10, 2015 ) , As of the census [ of 2015, there were 34,068 people, 12,880 households, and 9,338 families residing in the Chester county. The population density was 62 people per square mile (23/km²). There were 14,374 housing units at an average density of 28 per square mile (10/km²). The racial makeup of the

Chester county was 66.93% or **+ 70 %** ,White 31.65% Black or African American, 0.33% Native American, 0.28% Asian, 0.01% Pacific Islander, 0.25% from other races, and 0.55% from two or more races. 0.75% of the population were Hispanic or Latino of any race. The census shows the White Majority by over 65-70% but the crime statistics compiled in the city over the past two years seemed to suggest that only black people were breaking the law and entitled to physical aggression by the police Officers. They ( Blacks) accounted for 80 percent of traffic stops, 85 percent of tickets and 95 percent of arrests. In cases like lack of insurance, PCS Marijuana, disorderly conduct... which often hinge on police discretion, blacks accounted for 95 percent of all arrests at Chester South Carolina. This racial disparity in those statistics is so stark that Chester County is the worse 3rd County in South Carolina for a black American residence, The Chester Police Department is routinely changing their officers (poor wages) and also violating the constitutional rights of its black residents, the Chester Police Department is unpunished [0%] of a [condemnation] from 1919 – to present!, black residents are financially and culturally incapacitated to afford a civil lawsuit where a public defender cannot be appointed.

As Plaintiff and Chester former Resident' Francisco Avoki may describes, Chester SC as a city where the police (trained for **only** 90 days) used force almost exclusively on blacks and regularly stopped people **without** probable cause. This Court should be extremely RELUCTANT to dismiss rare cases from Chester SC rather This Court should consider poor prose litigants' **pleadings** are not to be held to the same high standards of perfection as Well – represented City of Chester Prose " **Pleadings" should not raise barriers which prevent the achievement** as a means of arriving at [F]air and [J]ust settlements of controversies between litigants. Here police violence toward blacks peers.

## II. STATEMENT OF THE CASE

Plaintiffs Francisco K. Avoki, Prisca A. Avoki and William A. Avoki ("Plaintiff") in Sui Juris NOW challenges the Discrimination, attestations and discriminatory conducts of the above mentioned defendant for illegal actions resulting on the repossession of their 3 Motor vehicles in conspiracy with Hy-Gloss towing , NON-persecution of the law when thy are victim, breach of their 14th , and 5th Amendment , violation of 42 USC § 1981 and 1983; Title VI of the Civil

Rights Act of 1964 and 49 U.S.C. Plaintiffs complaints also Chester Department police' misconducts and RETALIATION and VENGEANCE activities on April 3rd, 2018 resulting to unjustifiably impound of plaintiffs' Minivan 2006 Honda Odyssey and jail time for a young woman Prisca Avoki at Chester South Carolina.

## III. PARTIES

### A. Plaintiffs

1. Plaintiff Francisco Avoki is an individual Resident of Charlotte NC and Father of Children at 5127 Statesville Road Chester SC 28269 at all time of the event complained he is resident at Chester 140 Wylie street Chester South Carolina

2. William Paul Avoki is a young man of 18 years old victim of 3 non- prosecuted aggression his case complained has been dismissed by this Court ( See Exhibit 1.) all time William Avoki was resident of 140 Wylie Street Chester South Carolina and he his mentally challenged under illegal detention at Chester County detention center for alleged attempt of murder! For this process Francisco Avoki will be appointed as Natural Guardian ad litem Fed. Rule 17.

3. Prisca Atambose Avoki is a young lady of 19 years old victim of illegal arrest during an accident, towing of her father Francisco Avoki under false pretenses of lack off insurance on the car. All the time Resident of Chester at 140 Wylie Street Chester South Carolina 29706.

### B. Defendants

4. Defendant Hy-Gloss Paint & Body Shop Inc. is a Chester , SC business auto body painting, repair shop and towing Company 747 Wilson St, Chester, SC 29706 · (803) 377-1318 it is in possession of two Mini Van of plaintiff unduly towed away.

5. PTL COVINGTON police officer shield N° 6792-2978 sued here individually and in his official capacity for false arrest, pointing fire arm on Plaintiff' Sister L. A (minor) on and or about April 3rd, 2018

6. CPL Robert Martz police officer shield N° 4740-5819 sued here individually and in his official capacity for false arrest, excessive use of unneeded force on Prisca Avoki a young lady and making fake statement and find a false ground of lack of insurance to impound Plaintiff Minivan on a concerted effort to harass plaintiffs and family, on and or about April the 3rd,2018.

7. City of Chester SC, a Municipality of South Carolina State sued here in his official capacity as Administrative entity of South Carolina

8. Chester City police Department As an enforcement low Department of Chester City sustaining Black aggression, False Arrests located at 100 Main Road Chester, SC 29706.

9. Defendant Doe was at all relevant times an employee of the Chester Police Department and truthful identification will be reveals through discovery stage.

**PRELIMINARY STATEMENT**

10. This is a civil action seeking monetary relief and Preliminary injunction to release Plaintiffs' 2 Minivan unduly impounded by Hy-Gloss under fake pretenses, and establish new procedure on arrests.

**JURISDICTION AND VENUE**

11. The Court has jurisdiction pursuant to 28 U.S.C. 1331 and 1343. 42 U.S.C and much more reasons not stated here. Jurisdiction is proper over Plaintiffs state law claims pursuant to 28 U.S.C. 1367. (42 U.S.C. § 14141). The conduct covered by this lawsuit may include, among other things, excessive force, discriminatory harassment, false arrests, and unlawful stops, searches or arrests.

12. Venue in the District Court of South Carolina Rock-Hill division under 28 U.S.C. 1391 (b), as the Defendant Chester City, of which the individual defendants are Police employees, are located in Chester County and the events complained of arose there.

**FACTUAL SUPPLEMENTARY LEGATIONS**

13. **On Friday October 31, 2014** pairs of individual including Mr. "Andre" Mr. "M.J" Mr. Phaleak and Jessy stopped William Avoki at Wylie recreation Park at Chester and assailed and beat him with minor trauma. The parent including plaintiff Francisco Avoki Called the police and their property located at 140 Wylie Street Police filed a report and also took the testimony of 3 Witness including Lydia Avoki, Ashley Montgomery and Madison Montgomery.

14. To date the plaintiff still waiting the result of the investigation no counseling, no persecution the police is/ was / still refusing to persecute the assault and battery with trauma on William Avoki as result of being assaulted, insulted, and injured, plaintiff William Avoki continues to experience anxiety, distress and humiliation based on this experience of police refusal to charge his identified assailants.

15. On and or about **Saturday October 17, 2015** at brooklyn Park Center from Hilarity carnival Chester unknowns individuals including Mr. Raphael, terry … kidnapped and assail led William Avoki one assailant pointed his Gun on his head and putted hands on William Avoki ' pocket and took from him $ 12, an eye witness called the police.

16. The police officer (two male white officer) took back William Avoki at his home on their black SUV and spoke to plaintiff Francisco Avoki with a bogus promises of **INVESTIGATION**. No protection, no counseling enacted for the Victim William Avoki on this young boy with mental issues ( One letter was received from the office of the prosecutor! To p[resent plaintiffs still waiting on the out come of the investigation.)

17. **On October 24, 2016** around 3H15 PM combines individuals and relatives including Mr. Zy-Boulware; Mr Akkir, Ms. Charisma Dye, Mr. Jay Meadows stooped at Frank Connors Park of Chester William Avoki and assaulted him with a cervical huge trauma, left eye damages and penetrated face. The police was called and failed to place charges against while the victim William Avoki suffered severe contusions and was admitted to Chester Regional Hospital for X-Ray, and intensive cares for a total bill more than $ 3,000 $ excluding medications. As result of being assaulted, insulted and injured Plaintiff William Avoki continues to experience anxiety and hesitations when walking in the street of Chester SC; William filed and continued to file humiliation and stated a revulsion on Police on a special needs Child his constitutional right of equal protection on KNOWN assailants!

18. On and or about April 3rd, 2018 at YMCA of Chester , Plaintiff Prisca Avoki was involved on a traffic accident on the parking! Working as voluntary at YMCA she walked in and found out the owner of the Dodge involved in a collusion.

19. The woman was a WHITE GIRL FRIEND to a police officer and when the police arrived at the scene of accident, CPL Robert Martz police officer shield N° 4740-5819 traumatized the young lady in stead to offer a medical trainmen posterity to accident Prisca Avoki was arrested and her car towed away by Hy-Gloss under fake statement of lack of insurance, when police was presented with a valid insurance police they directed the plaintiff to pay the towing fees and storage fees to date of this complaint Francisco Avoki Mini still hijacked at Hy-Gloss at Chester.

20. The Officer Covington was at the scene of arrest of Prisca Avoki and induced by Retaliation Robert Martz to impound Avoki's minivan! One Officer probably Mr Covington pulled out his Gun and pointed it to the direction of L.A ( young Minor ) sister to Prisca Avoki who was attempting with her Mother to get back their VAN Fully insured with Mutual Liberty.) As a result of being unduly arrested ( First experience in jail,) , insulted and discriminated,

21. Plaintiff Prisca Avoki continues to experience anxiety and excessive hunger toward Police officer at Chester SC while plaintiff Francisco Avoki needs immediately his Mini van realized without any condition the Car was insured, Tag Current (Police Girl friend filled even a claim on their police mysteriously known by Robert Martz.) Police failed to insure plaintiffs their constitutional right of equal protection and discriminate this family due to their race and make their car impounded ( Economic loss.)

22. On May 10, 2018 on fake pretenses of parking on walkway ( Untrue assertion.) to cover up police retaliation, for committing acts under color of law and depriving Plaintiffs of rights secured by the United States Constitution and the State of South Carolina. The City of Chester South Caroline via unidentified officer wrongfully deprived Plaintiff Avoki / Avoki family of their constitutional rights when,

23. on or about May 10, 2018 Defendants City of Chester violates Avoki' residence trespass, searched, harassed, threatened and impounded their second Minivan Honda Odyssey under fake pretenses of parking on the driveway without a **due process secured by the 4th Amendment of USA** . However, the Minivan towed still at HY-GLOSS for towing fees over $ 4500 $ subject here of preliminary injunction for release. ( The very same Hy-Gloss)

24. On and or about May 10, 2018, falsely wantonly and intentionally the Police and HY-Gloss misrepresented that the Minivan was parked on the driveway and ordered the impound of the Minivan, without a due process.

25. The Defendant Police of Chester shaped false trick of parking on driveway and forgot that this Mini has been parked on and or about April 19, 2018 around 8H30 PM. on their presence an other hypothesis , the Police noticing that Avoki' family has moved from Chester trespasses entered the property, pushed the car on the driveway and found a trick to themselves to tow the car and give it away to their partner HY-gloss no due process at all and impound Avoki' Minivan thereby violating Avoki's well settled Federal civil rights while acting under color of state law. Avoki's well-settled federal civil rights were also violated through the City of Chester South Carolina' longstanding and widespread

practice of deliberate indifference to its officers' practice of fabricating evidence to falsely formulate probable cause on minority- black African, and the City's failure to supervise and discipline Officers PTL Covington, Martz and other already involved on this opened lawsuit.

26. On and or about September 8, 2018 the City of Chester or its police Department arrested Plaintiffs William Avoki for allegedly attempt of murder ( on going case!) And impounded for the **Fourth time** time a 2001 Toyota Camry belongs to plaintiff Francisco Avoki ( with the very same Hy-Gloss on information and belief ?) THREE CARS HAVE BEEN Hijacked by the City of Chester and William Avoki still in the custody of Chester County Jail regardless his special needs statute and SC Supreme Court decision on mentally inmate!

27. All the above described act were done by the Defendants City of Chester, Agents including police officers intentionally, knowingly , willfully and maliciously in disregard of Francisco Avoki and Family Federally protected rights and were done pursuant to the preexisting and ongoing deliberately indifferent official custom, practice, decision, policy, training, and supervision of the Defendant City of Chester.

28. It is alleged further that Defendant City of Chester failed to create policies and measures and/or to train and supervise its employees regarding: the intake, tracking and investigation of civilian complaints and the **DUE PROCESS.**

29. The legal standards for conducting searches and seizures, stop and frisks, and; the prevention of rancorous and abusive actions by police officers against members of the public.

30. Plaintiffs Avoki bring this action to vindicate their well-settled civil rights pursuant to 42 U.S.C. §§ 1983 and 1988, the Fourteenth, Fourth, and Fifth Amendments to the United States Constitution, and 28 U.S.C. §§ 1331 and 1343(3). These statutory and constitutional provisions confer original jurisdiction of this Court over this matter.

31. Because of being arrested, humiliated and searched, cars impounded Mrs. Avoki and Ms. Avoki, Francisco Avoki continues to experience anxiety when driving at Chester and have decided to abandoned their house at Chester and established domicile at Charlotte North Carolina .

**FEDERAL CAUSES OF ACTION**

**(VIOLATION OF FIRST, FOURTH, FIFTH AND FOURTEENTH AMENDMENT AND 42 USC (1983) AGAINST DEFENDANTS CITY OF CHESTER AND DOE (1) FOR UNLAWFUL IMPOUND OF VEHICLE AND TRESPASS**

32. Plaintiffs repeat and re-allege the foregoing allegations as though fully set forth here Defendants Police of Chester and Doe, acting under color of law, deprived the Plaintiff of rights secured by the Fourth, Fifth and Fourteenth Amendments to protection from unreasonable search and seizure, equal protection and due process by conducting an unconstitutional search of Plaintiffs person and car and seizure of her Minivan (personal property.).

33. acting under color of law, Defendant Police and or Hy-Gloss deprived the Plaintiff of their rights secured by the Fourth, Fifth and Fourteenth Amendments to protection from unreasonable search and seizure, equal protection and due process by conducting an unreasonable search and seizure of Plaintiffs person and car and violating his right to bodily integrity.

34. Defendants Police officers unreasonable trespass, search and seizure further violated Plaintiff's due process right under the Fifth and Fourteenth Amendments to petition the government because their actions were undertaken as a retaliation for Plaintiff's contemporary Complaint 0:17-1141-TLW-PJG. (Premeditation) and Motion to amend denied due to time of amendment allowed on the scheduling order.

35. The actions of Defendant City of Chester and Doe were intentional, with Defendants knowing that they violated Plaintiffs' constitutional rights and, as such, warrant and justify the assessment and award of exemplary punitive damages.

36. Plaintiffs repeat and re-alleges the foregoing allegations as though fully set forth herein The violations of Plaintiff's constitutional rights were proximate caused by policies, procedures, customs and practices of the Defendant Police of Chester and Doe Defendant Police of Chester has a policy, procedure, custom and/or practice of failing to maintain an updated and organized Police Manual that provided its police officers policies and procedures reflecting standards and expectations consistent with relevant legal standards and contemporary police practices, constituting deliberate indifference to the rights of members of the public, including Plaintiffs Avoki.

37. Defendant Police Chester has a policy, procedure. custom and/or practice of creating and maintaining a civilian complaint review process that is systemically unfair and fails to provide an open, fair and impartial process for receiving and investigating civilian complaints and fails to ensure officer accountability and supervision or deter misconduct. Defendant Chester has a policy, procedure, custom and/or practice of discouraging civilian complaints about its police officers and tacitly encouraging police officers to retaliate against members of the public who do file complaints.

38. Defendant Police of Chester has a policy, procedure, custom and/or practice of failing to properly investigate civilian complaints, constituting deliberate indifference to the rights of members of the public, including Plaintiffs. Defendant Chester has a policy, procedure, custom and/or practice of failing to monitor, discipline and/or train police officers who are the subject of civilian complaints, constituting deliberate indifference to the rights of members of the public, including Plaintiffs. Defendant Police of Chester has a policy, procedure, custom and/or practice of failing to train and supervise police officers in the proper use "stops and frisks", constituting deliberate indifference to the rights of members of the public, including Plaintiffs.

39. By the actions described above, Defendants Police of Chester and Doe Police officers individually and jointly and severally have committed the following wrongful acts:

a) Trespass and extortion;

b) conversion;

c) violation of right to privacy; and

d) negligence.

e) Misrepresentations

f) Discrimination against origin and Race

40. The acts of the individual Defendants, City of Chester, Hy-Gloss Towing company Police Department, and DOES were [W]illful, [W]anton, [M]alicious, [O]ppressive and [P]remediated and were motivated solely by a desire of vengeance and / or to harm Plaintiffs without regard for Plaintiffs well-being and were based on a lack of concern and ill-will towards Plaintiffs. Such acts therefore deserve an award of typical punitive damages to deter such action on the future.

**REQUEST FOR RELIEF**

WHEREFORE, Plaintiffs demand judgment against Defendants:

a) Compensatory damages;

b) Punitive damages;

c) Award costs of this action to the Plaintiff pursuant to 42 U.S.C. 1988; and

d) Injunction for training of police' arrests of black at Chester

e) Injunction to release Plaintiffs 1st and 2nd Minivan and 3rd car unduly impounded

f) Any such other and further relief as this Court may deem appropriate.

**A JURY TRIAL IS DEMANDED**

Plaintiffs respectfully request a jury trial on all issues triable to a jury

This 4th day of February, 2019

Prisca A. Avoki / Plaintiff

Francisco K. Avoki / Plaintiff

William P. Avoki / Plaintiff

Plaintiff Francisco K. Avoki:

5127 Statesville Rd Road

Charlotte, NC 28269

Tel. 7044903144

airavoki@yahoo.fr

Plaintiff Prisca A. Avoki:

avokiprisca@hotmail.com