IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Francisco K. Avoki; Prisca A. Avoki; William P. Avoki,<br><br>                     Plaintiffs,<br><br>v.<br><br>City of Chester, South Carolina; Police Department of Chester, South Carolina; Hy-Gloss Paint & Body Shop, Inc.; Cpl. Robert Martz; Ptl. Tyler Covington; Does I-XXX,<br><br>                     Defendants. | C/A No. 0:19-324-DCC-PJG<br><br>**ORDER** |

      This is a civil action filed by *pro se* litigants. Under Local Civil Rule 73.02(B)(2) (D.S.C.), pretrial proceedings in this action have been referred to the assigned United States Magistrate Judge.

      In the Complaint, Plaintiff Francisco K. Avoki asserts that he will prosecute this case on behalf of his adult son and co-plaintiff, William P. Avoki, pursuant to Federal Rule of Civil Procedure 17(c)(2). (Compl., ECF No. 1 at 3.) Francisco claims William is "mentally challenged."

      By order dated March 28, 2019, the court provided Francisco the opportunity to demonstrate that William is incompetent and that Francisco should be appointed next friend to prosecute this matter on behalf of William. (ECF No. 9.) See Whitmore v. Arkansas, 495 U.S. 149, 163-64 (1990) (providing, in a habeas context under 28 U.S.C. § 2242, a "next friend" may initiate a case on behalf of a minor or incompetent, but the next friend must (1) "provide an adequate explanation—such as inaccessibility, mental incompetence, or other disability—why the real party in interest cannot appear on his own behalf to prosecute the action," (2) "be truly dedicated to the best interests of the person on whose behalf he seeks to litigate," and (3) "have some significant relationship with the real party in interest," and it is the next friend's burden to make this showing); Naruto v. Slater, 888 F.3d 418, 422 (9th Cir. 2018) (applying Whitmore to next friend status under Rule 17); Vargas v. Lambert, 159 F.3d 1161, 1167 (9th Cir. 1998) (finding Whitmore requires the next friend to provide "meaningful evidence" that the incompetent person suffered from a mental disease, disorder, or defect that substantially affected the person's capacity to make an intelligent decision); cf. Chrissy F. by Medley v. Miss. Dep't of Pub. Welfare, 883 F.2d 25, 27 (5th Cir. 1989) (stating courts should *sua sponte* determine whether an infant's interests are adequately protected under Rule 17, and that it is within the district court's discretion to determine whether the infant needs representation and who would best fill that need).

Francisco now files a motion to be appointed as next friend to William. (ECF No. 11.) Francisco asserts William is currently detained at the Chester County Jail on criminal charges. Francisco claims a psychiatrist from the South Carolina Department of Mental Health evaluated William's competency to stand trial on those criminal charges and determined William was not competent. Francisco has provided the court with a copy of the psychiatrist's report.[1] (ECF No. 12.) A key finding of the report is that William does not have the capacity to understand the proceedings against him or to assist in his own defense. The court finds this evidence sufficient to demonstrate that William is not competent to prosecute *this* case on his own behalf.

Further, the court finds Francisco Avoki, as William's father, is dedicated to the best interests of William and has a significant relationship with William, and thus, Francisco Avoki should be appointed as next friend to William Avoki. The court notes that William has submitted a letter indicating he is aware of this litigation and that his father has moved to be appointed as next friend. (ECF No. 11-1 at 3.) Accordingly, Francisco's motion to be appointed next friend to William is granted.

However, *pro se* litigants may not represent each other in federal court. See 28 U.S.C. § 1654 ("In all courts of the United States the parties may plead and conduct their own cases personally or by counsel as, by the rules of such courts, respectively, are permitted to manage and conduct causes therein."); Myers v. Loudoun Cty. Pub. Sch., 418 F.3d 395, 400 (4th Cir. 2005) ("The right to litigate for *oneself*, however, does not create a coordinate right to litigate for *others*."); see also Elustra v. Mineo, 595 F.3d 699, 705 (7th Cir. 2010) (collecting cases that generally provide that a next friend may not bring a suit on behalf of a minor party without the assistance of counsel).

Consequently, Francisco, in his capacity as next friend, must retain counsel for William within thirty (30) days of the date this order is entered. Francisco may move to have counsel appointed, but there is no right to appointed counsel in civil actions. See Whisenant v. Yuam, 739 F.2d 160 (4th Cir. 1984), abrogated on other grounds by Mallard, 490 U.S. 296; Cook v. Bounds, 518 F.2d 779, 780 (4th Cir. 1975).

**TO THE CLERK OF COURT**:

The Clerk of Court shall mail a copy of this order to Plaintiffs. If Plaintiffs fail to provide the items specified above to the Clerk of Court within the period prescribed in this order, the Clerk of Court shall forward the file to the assigned United States Magistrate Judge for a recommendation. See In Re: Procedures in Civil Actions Filed by Non-Prisoner Pro Se Litigants, No. 3:07-mc-5015-JFA. If, however, Plaintiffs provide this court with the items specified above, the Clerk of Court

---

[1] Plaintiffs indicate this report was filed "under camera" and that it is confidential, but Plaintiffs have not taken the proper steps to file the document under seal. If Plaintiffs wish to file the document under seal, they must follow the steps outlined in the court's Local Civil Rule 5.03 (D.S.C.).



should forward the file to the assigned magistrate judge to determine if service of process should be authorized.

**IT IS SO ORDERED**.

_____
Paige J. Gossett
UNITED STATES MAGISTRATE JUDGE

May 21, 2019
Columbia, South Carolina

*Plaintiff's attention is directed to the important warning on the next page.*

# IMPORTANT INFORMATION . . . PLEASE READ CAREFULLY

# WARNING TO PRO SE PARTY OR NONPARTY FILERS

All documents that you file with the court will be available to the public on the internet through PACER (Public Access to Court Electronic Records) and the court's Electronic Case Filing System. **CERTAIN *PERSONAL IDENTIFYING INFORMATION* SHOULD NOT BE INCLUDED IN OR SHOULD BE REMOVED FROM ALL DOCUMENTS *BEFORE* YOU SUBMIT THE DOCUMENTS TO THE COURT FOR FILING.**

Rule 5.2, Fed. R. Civ. P., provides for privacy protection of electronic or paper filings made with the court. Rule 5.2 applies to *ALL* documents submitted for filing, including pleadings, exhibits to pleadings, discovery responses, and any other document submitted by any party or nonparty for filing. Unless otherwise ordered by the court, a party or nonparty filer should not put certain types of an individual's personal identifying information in documents submitted for filing to any United States District Court. If it is necessary to file a document that already contains personal identifying information, the personal identifying information should be "**blacked out**" or **redacted** prior to submitting the document to the Clerk of Court for filing. A person filing any document containing their own personal identifying information **waives** the protection of Rule 5.2(a) by filing the information without redaction and not under seal.

1. Personal information protected by Rule 5.2(a):

    **(a) Social Security and Taxpayer identification numbers.** If an individual's social security number or a taxpayer identification number must be included in a document, the filer may include only the last four digits of that number.
    **(b) Names of Minor Children.** If the involvement of a minor child must be mentioned, the filer may include only the initials of that child.
    **(c) Dates of Birth.** If an individual's date of birth must be included in a document, the filer may include only the year of birth.
    **(d) Financial Account Numbers.** If financial account numbers are relevant, the filer may include only the last four digits of these numbers.

2. Protection of other sensitive personal information – such as driver's license numbers and alien registration numbers – may be sought under Rule 5.2(d)(Filings Made Under Seal) and (e) (Protective Orders).