IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
ROCK HILL DIVISION

| | | |
|---|---|---|
| Francisco K. Avoki, | ) | C/A No. 0:19-324-SAL-PJG |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | **ORDER** |
| City of Chester, South Carolina; Police | ) | |
| Department of Chester, South Carolina; Hy- | ) | |
| Gloss Paint & Body Shop, Inc.; Cpl. Robert | ) | |
| Martz; Ptl. Tyler Covington; Does I-XXX; | ) | |
| George Caldwell, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

This is a civil rights action filed by Plaintiff, Francisco K. Avoki. By order dated January 10, 2020, the court severed claims filed by Prisca Avoki and William Avoki from this matter. (ECF No. 74.) As explained in that order, this matter concerns only Francisco Avoki's claims that the City of Chester and Hy-Gloss Paint & Body Shop, Inc. violated his civil rights in 2018 by impounding or towing his vehicles in retaliation for filing a previous lawsuit.

Francisco Avoki seeks leave of the court to file a proposed second amended complaint. (ECF No. 51.) In his proposed second amended complaint, Francisco Avoki seeks to add claims and defendants related to a tax sale of his house; the arrest of his son, William Avoki; and the conditions of William Avoki's confinement.

The court concludes that Francisco Avoki's claims about the tax sale of his house or William Avoki's arrest and confinement are not proper in this case. See Rule 20(a)(2) (providing a plaintiff may bring a claim against multiple defendants if "any right to relief is asserted against them jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; and any question of law or fact common to all

defendants will arise in the action."); <u>Owens v. Hinsley</u>, 635 F.3d 950, 952 (7th Cir. 2011) (providing that where a plaintiff fails to observe the requirements of Federal Rule of Civil Procedure 20(a)(2) with respect to joinder of parties, unrelated claims against different defendants belong in separate lawsuits, and the action may be severed into separate lawsuits, or the improperly joined defendants may be dismissed). Accordingly, Francisco Avoki's motion to amend his complaint, as proposed, is denied.

However, Francisco Avoki's motion is denied without prejudice to file a second amended complaint with respect to the impounding and towing of his vehicle. **Francisco Avoki may not include claims related to the tax sale of his house, William Avoki's arrest and confinement, or any other claims that have been severed by the court.**[1] Francisco Avoki is reminded that an amended complaint replaces the original complaint and should be complete in itself. <u>See Young v. City of Mount Ranier</u>, 238 F .3d 567, 572 (4th Cir. 2001) ("As a general rule, an amended pleading ordinarily supersedes the original and renders it of no legal effect.") (citation and internal quotation marks omitted); <u>see also</u> 6 Charles Alan Wright <u>et al.</u>, Federal Practice and Procedure § 1476 (3d ed. 2017) ("A pleading that has been amended under Rule 15(a) supersedes the pleading it modifies and remains in effect throughout the action unless it subsequently is modified. Once an amended pleading is interposed, the original pleading no longer performs any function in the case . . ."). Therefore, any second amended complaint should include all of Francisco Avoki's claims and allegations about the towing of his vehicles, subject to the limitations imposed by the court in the order severing the cases and in this order.

---

[1] Francisco Avoki is again warned that only appointed counsel may file documents on behalf of William Avoki. Pursuant to Federal Rule of Civil Procedure 11, any pleading, written motion, or other paper filed on behalf of William must be signed by appointed counsel. Therefore, Francisco Avoki may not file claims or make legal arguments on behalf of William Avoki.

Plaintiff is hereby granted **fourteen (14) days** from the date this order is entered (plus three days for mail time) to file a second amended complaint pursuant to Federal Rule of Civil Procedure 15(a).

**IT IS SO ORDERED**.

January 16, 2020
Columbia, South Carolina

Paige J. Gossett
UNITED STATES MAGISTRATE JUDGE

*Plaintiff's attention is directed to the important WARNING on the following page.*

# IMPORTANT INFORMATION . . . PLEASE READ CAREFULLY

## WARNING TO PRO SE PARTY OR NONPARTY FILERS

ALL DOCUMENTS THAT YOU FILE WITH THE COURT WILL BE AVAILABLE TO THE PUBLIC ON THE INTERNET THROUGH PACER (PUBLIC ACCESS TO COURT ELECTRONIC RECORDS) AND THE COURT'S ELECTRONIC CASE FILING SYSTEM. **CERTAIN *PERSONAL IDENTIFYING INFORMATION* SHOULD NOT BE INCLUDED IN, OR SHOULD BE REMOVED FROM, ALL DOCUMENTS *BEFORE* YOU SUBMIT THE DOCUMENTS TO THE COURT FOR FILING.**

Rule 5.2 of the Federal Rules of Civil Procedure provides for privacy protection of electronic or paper filings made with the court. Rule 5.2 applies to ***ALL*** documents submitted for filing, including pleadings, exhibits to pleadings, discovery responses, and any other document submitted by any party or nonparty for filing. Unless otherwise ordered by the court, a party or nonparty filer should not put certain types of an individual's personal identifying information in documents submitted for filing to any United States District Court. If it is necessary to file a document that already contains personal identifying information, the personal identifying information should be "**blacked out**" or **redacted** prior to submitting the document to the Clerk of Court for filing. A person filing any document containing their own personal identifying information **waives** the protection of Rule 5.2(a) by filing the information without redaction and not under seal.

1. Personal information protected by Rule 5.2(a):

**(a) Social Security and Taxpayer identification numbers.** If an individual's social security number or a taxpayer identification number must be included in a document, the filer may include only the last four digits of that number.
**(b) Names of Minor Children.** If the involvement of a minor child must be mentioned, the filer may include only the initials of that child.
**(c) Dates of Birth.** If an individual's date of birth must be included in a document, the filer may include only the year of birth.
**(d) Financial Account Numbers.** If financial account numbers are relevant, the filer may include only the last four digits of these numbers.

2. Protection of other sensitive personal information − such as driver's license numbers and alien registration numbers − may be sought under Rule 5.2(d) (filings made under seal) and (e) (protective orders).