IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
ROCK HILL DIVISION

| | | |
|---|---|---|
| Francisco K. Avoki, | ) | C/A No. 0:19-cv-00324-SAL-PJG |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **ORDER** |
| | ) | |
| City of Chester, South Carolina; Police | ) | |
| Department of Chester, South Carolina; | ) | |
| Hy-Gloss Paint & Body Shop, Inc.; Cpl. | ) | |
| Robert Martz; Ptl. Tyler Covington; Does | ) | |
| I-XXX; George Caldwell, Kenneth Marsh; | ) | |
| Deborah Watkins; Sandi Worthy, | ) | |
| Defendants. | ) | |
| _____ | ) | |

This matter is before the Court on Plaintiff Francisco K. Avoki's "Appeals" of three Orders, ECF Nos. 73, 74, 77, entered by United States Magistrate Judge Paige J. Gossett. *See* ECF Nos. 79, 81. The Court construes Plaintiff's filings as objections to the Magistrate Judge's rulings on nondispositive matters pursuant to Rule 72(a) of the Federal Rules of Civil Procedure. Plaintiff objects to the Magistrate Judge (1) granting Defendants' Motion to Sever, ECF No. 74; (2) denying Plaintiff's Motion for Leave to Amend, ECF No. 77; and (3) denying his son and former co-Plaintiff William Avoki's attorney's Motion to Withdraw. ECF No. 73. Because none of the Magistrate Judge's rulings are clearly erroneous or contrary to law, Plaintiff's objections, ECF Nos. 79, 81, are overruled.

**I.     Background**

Francisco Avoki, William Avoki, and Prisca Avoki originally filed this civil rights action as co-Plaintiffs on February 4, 2019. The original Complaint stated claims arising out of separate incidents pertaining to the impounding of Francisco Avoki's car in 2018; William Avoki's arrest in 2018 for attempted murder; police officers' alleged failure to investigate three prior assaults

1

upon William Avoki; and Prisca Avoki's arrest in 2018. *See* ECF No. 1. Francisco Avoki brought William Avoki's claims as his next friend, and on July 11, 2019, secured counsel for William Avoki. *See* ECF Nos. 16, 22. Plaintiffs then filed an Amended Complaint on July 16, 2019. ECF No. 28.

On November 12, 2019, the City of Chester Defendants moved to sever the Plaintiffs' claims, arguing that the claims were improperly joined under Rule 20 of the Federal Rules of Civil Procedure. ECF No. 48. The Magistrate Judge granted Defendants' motion on January 10, 2020, finding that Plaintiffs' claims did not arise out of the same transaction, occurrence, or series of transactions or occurrences, and that Plaintiffs did not seek relief jointly, severally or in the alternative. ECF No. 74. The Magistrate Judge accordingly severed Plaintiffs' claims, terminated William Avoki and Prisca Avoki as plaintiffs in this action, and ordered that William Avoki and Prisca Avoki's claims be assigned new case numbers. *Id.*

Before this action was severed, Defendant Hy-Gloss Paint & Body Shop, Inc. moved to dismiss Plaintiffs' Amended Complaint on November 4, 2019. ECF No. 40. Plaintiffs thereafter filed a "Motion for Leave to File the Second Amended Complaint" on November 15, 2019. ECF No. 51. Plaintiffs sought to add claims related to a tax sale of Francisco Avoki's residence, William Avoki's arrest, and the conditions of William Avoki's confinement. *See* ECF No. 51. The Magistrate Judge ruled on Plaintiff's motion to amend on January 16, 2020, shortly after severing this case into three separate actions. Accordingly, the Magistrate Judge denied Plaintiffs' motion for leave to amend without prejudice, concluding that several of the proposed claims were not proper in this action under Rule 20 of the Federal Rules of Civil Procedure. ECF No. 77. Plaintiff was granted until January 30, 2020, however, to file a second amended complaint with properly joined claims. *See id.*

Finally, William Avoki's attorney moved to withdraw as counsel in this action before William Avoki's claims were severed. ECF No. 63. The Magistrate Judge denied the motion, concluding that it failed to comply with Local Civil Rule 83.I.07 (D.S.C.). ECF No. 73. William Avoki's attorney has since filed a second motion to withdraw in William Avoki's separate action, which the Magistrate Judge has not yet ruled on. *See* Mot. to Withdraw, filed Feb. 4, 2020, *Avoki v. Caldwell*, No. 0:20-cv-00113-SAL-PJG (D.S.C. 2020) (ECF No. 7).

Plaintiff Francisco Avoki objects to all three decisions of the Magistrate Judge set forth above. ECF No. 79, 81. Because none of the rulings are clearly erroneous or contrary to law, the Court overrules Plaintiff's objections.

## II.     Legal Standard

Under Rule 72(a) of the Federal Rules of Civil Procedure, a party may submit objections to a Magistrate Judge's ruling on a non-dispositive matter. Fed. R. Civ. P. 72(a); *see also* 28 U.S.C. § 636(b)(1)(A). The district court reviews nondispositive rulings by a Magistrate Judge under the "clearly erroneous" or "contrary to law" standard. Fed. R. Civ. P. 72(a). A finding is "clearly erroneous" when "although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed." *United States v. U.S. Gypsum Co.*, 333 U.S. 364 (1948). The phrase "contrary to law" requires "plenary review as to matters of law." *Haines v. Liggett Group Inc.*, 975 F.2d 81, 91 (3d Cir. 1992).

## III.    Discussion

### A.     Motion to Sever

The Court finds no errors, either factual or legal, in the Magistrate Judge's Order granting Defendants' motion to sever Plaintiffs' claims. *See* ECF No. 74.

As the Magistrate Judge correctly noted, Plaintiffs asserted causes of action arising out of several distinct sets of transactions or occurrences: First, Francisco Avoki alleged civil rights violations as a result of his car being impounded; second, William Avoki claimed that the City of Chester Police Department failed to investigate alleged assaults against him and later arrested him for attempted murder; and third, Prisca Avoki stated claims arising from her unrelated arrest.

Under Rule 20 of the Federal Rules of Civil Procedure, plaintiffs may join in one action where they (A) "assert any right to relief jointly, severally, or in the alternative" arising out of "the same transaction, occurrence, or series of transactions or occurrences;" and (B) "any question of law or fact common to all plaintiffs will arise in the action." Fed. R. Civ. P. 20(a)(1). Courts have "wide discretion concerning the permissive joinder of parties." *Aleman v. Chugach Support Servs. Inc.*, 485 F.3d 206, 218 n.5 (4th Cir. 2007). Here, it is apparent on the face of the Amended Complaint that the claims raised widely disparate factual and legal issues that involved discrete, unrelated occurrences spanning several years. After a thorough review of the Amended Complaint, ECF No. 28, and the Magistrate Judge's Order severing this action into three separate claims, ECF No. 74, the Court concludes that this action was properly severed.

### B.    Motion to Amend

Plaintiff objects to the Magistrate Judge's Order, ECF No. 77, denying his Motion for Leave to Amend. ECF No. 51. Plaintiff asserts that the motion was improperly denied, where he claims to have had the ability to amend as a matter of course.

Under Rule 15(a)(1) of the Federal Rules of Civil Procedure, a party may amend its pleading once as a matter of course within "(A) 21 days after serving it, or (B) if the pleading is one to which a responsive pleading is required, 21 days after service of a responsive pleading or

21 days after service of a motion under Rule 12(b), (e), or (f), whichever is earlier." Fed. R. Civ. P. 15(a)(1).

Defendant Hy-Gloss Paint & Body Shop, Inc. filed a Motion to Dismiss for Failure to State a Claim pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure on November 4, 2019. Accordingly, under Rule 15(a)(1)(B), Plaintiffs had twenty-one (21) days, or until November 25, 2019, to file a second amended complaint. Instead, on November 14, Plaintiffs filed a "Motion for Leave to File the Second Amended Complaint." ECF No. 51. On January 16, 2020, the Magistrate Judge, having already concluded that the Amended Complaint contained improperly joined causes of action, *see* ECF No. 74, directed Plaintiff not to file the proposed Second Amended Complaint as drafted, as it too contained claims not permissibly joined under Rule 20(a)(1). ECF No. 77. The Magistrate Judge did, however, grant Plaintiff until January 30, 2020, to file a Second Amended Complaint with properly joined claims. Plaintiff subsequently filed his Second Amended Complaint. ECF No. 83.

First, Plaintiff's argument is not properly preserved, where Plaintiffs sought leave to amend under Rule 15(a)(2) of the Federal Rules of Civil Procedure, and did not timely file a second amended complaint as such in accordance with the right it now asserts. "A magistrate's decision should not be disturbed on the basis of arguments not presented . . . ." *Keitt v. Ormond*, 2008 WL 4964770, at *1 (S.D.W. Va. Nov. 13, 2008) (quoting *Jesselson v. Outlet Assocs. of Williamsburg, Ltd. P'ship*, 784 F. Supp. 1223, 1228 (E.D. Va. 1991)). Second, even if Plaintiff did have the ability to file a second amended complaint at the time he sought leave to amend, the Magistrate Judge's ruling did not prevent Plaintiff from filing a second amended complaint containing properly joined claims. Plaintiff's objection is therefore, in substance, another attack on whether this action was properly severed. As stated above, it was.

Finding no clear error in the Magistrate Judge's Order denying Plaintiffs' motion to amend, ECF No. 77, the Court overrules Plaintiff's objections set forth in ECF No. 77.

### C.  Motion to Withdraw

Plaintiff finally objects to the Magistrate Judge's denial of William Avoki's attorney's Motion to Withdraw, ECF No. 79, but Plaintiff does not offer any specific reason why the Magistrate Judge's decision was in error. *See id*. In any event, the Court agrees with the Magistrate Judge that William Avoki's attorney's Motion to Withdraw failed to comply with Local Civil Rule 83.I.07 (D.S.C.). A subsequent motion to withdraw has been filed in William Avoki's severed action, and the Magistrate Judge has not yet resolved that motion in the first instance. Plaintiff's objections to the Magistrate Judge's Order denying the motion to withdraw, ECF No. 79, are accordingly overruled.

## IV.  Conclusion

Plaintiff's Appeals, ECF Nos. 79, 81, which the Court construes as objections pursuant to Rule 72(a) of the Federal Rules of Civil Procedure, are OVERRULED. This matter is recommitted to United States Magistrate Judge Paige J. Gossett for further pretrial handling in accordance with Local Civil Rule 73.02(B)(2) (D.S.C.).

/s/ Sherri A. Lydon
United States District Judge

April 17, 2020
Florence, South Carolina