IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
ROCK HILL DIVISION

| | | |
|---|---|---|
| Francisco K. Avoki, | ) | C/A No. 0:19-324-SAL-PJG |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **ORDER AND** |
| | ) | **REPORT AND RECOMMENDATION** |
| City of Chester, SC; HyGloss Paint & Body Shop, Inc.; Cpl. Robert Martz; Mayor George Caldwell; Kenneth Marsh; Deborah Watkins; Sandi Worthy, | ) ) ) ) ) | |
| Defendants. | ) ) | |

Plaintiff, Francisco K. Avoki, a self-represented litigant, filed this civil rights action. Plaintiff files this action *in forma pauperis* under 28 U.S.C. § 1915. This matter is before the court pursuant to 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2) (D.S.C.) for a Report and Recommendation on the separate motions to dismiss filed by Defendant Hy-Gloss Paint & Body Shop, Inc.[1] ("Hy-Gloss") and Defendants City of Chester, Robert Martz, and George Caldwell ("Chester Defendants"). (ECF Nos. 87 & 90.) Pursuant to Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975), the court advised Avoki of the summary judgment and dismissal procedures and the possible consequences if he failed to respond adequately to parties' motions. (ECF No. 88 & 91.) Avoki filed responses in opposition to the motions (ECF Nos. 96 & 114), and the defendants replied (ECF Nos. 99 & 115). Having reviewed the record presented and the applicable law, the court finds Hy-Gloss's motion should be denied (ECF No. 87) and the Chester Defendant's motion should be granted (ECF No. 90.)

---

[1] Incorrectly identified in the caption as "HyGloss."

## BACKGROUND

**A.     Procedural History**

Plaintiff Francisco Avoki filed this matter on February 4, 2019, claiming the defendants violated his civil rights by impounding three of his vehicles.  The lawsuit included claims by his children, Prisca and William Avoki, that the defendants violated their rights when they were arrested at the time two of the vehicles were impounded.  (Compl., ECF No. 1.)

By order dated January 10, 2020, the court granted the Chester Defendants' motion to sever this matter, creating separate civil actions for Prisca and Williams's claims.  The court also ordered that this case pertain only to Francisco's claims that the defendants violated his civil rights by towing his vehicles.  (ECF No. 74 at 2.)  On January 16, 2020, the court denied Francisco's motion to file a second amended complaint, which sought to add claims and defendants related to a tax sale of his house, the arrest of his son, and the conditions of his son's confinement.  (ECF No. 77.) The court concluded that the new claims and parties were not properly joined in this action pursuant to Federal Rule of Civil Procedure 20.[2]  (Id. at 2.)  The court granted Avoki leave to file a second amended complaint but warned that it could only include claims related to the towing of his vehicles.  (Id.)

On January 31, 2020, Avoki filed a Second Amended Complaint, (ECF No. 83), which is now the operative pleading in this case.[3]  However, Avoki disregarded the court's order that the Complaint pertain only to the towing of his vehicles and, without leave of the court, added claims and defendants that are related to the tax sale of his house.  Therefore, the parties should consider

---

[2] Plaintiff's claims regarding the tax sale of his house are currently the subject of ongoing litigation in this court.  Avoki v. City of Chester, SC, C/A No. 0:17-1141-SAL-PJG.

[3] The pleading is incorrectly titled "Plaintiff's Third Amended Complaint."

any allegations or claims in the Second Amended Complaint that pertain to the tax sale of Avoki's home to be stricken from the pleading pursuant to Federal Rule of Civil Procedure 12(f)(1).[4] Consequently, the Clerk of Court is directed to terminate the defendants newly named in the Second Amended Complaint—Kenneth Marsh, Deborah Watkins, and Sandi Worthy—because Avoki's allegations against them relate only to his claims about the tax sale of his house.[5]

**B.     Factual Allegations**

The following allegations from Avoki's Second Amended Complaint are taken as true for purposes of resolving the defendants' motions to dismiss. On August 25, 2017, a City of Chester police officer detained Avoki's wife, Ekoko, at their house for driving without insurance. (2d Am. Compl. ¶ 14, ECF No. 83 at 5.) The officer called Hy-Gloss to tow Avoki's 2006 Honda Odyssey and impound it even though the officer ultimately decided not to arrest Ekoko. (Id.) Avoki alleges Hy-Gloss charged him a towing fee higher than allowed under South Carolina law.[6] (Id.)

On April 3, 2018, Avoki's daughter was driving a different 2006 Honda Odyssey owned by Avoki when she hit a car in the parking lot of the Chester YMCA. (Id. ¶ 15.) The owner of the car she hit called the police. (Id.) Defendant Robert Martz, a Chester Police Officer, arrested Avoki's daughter and had the Avoki's Odyssey towed by Hy-Gloss for lack of insurance, even though the car was insured. (Id.) Hy-Gloss refused to read the insurance information provided by the Avokis. (Id.)

---

[4] Accordingly, the court need not address the Chester Defendants' arguments seeking dismissal of Avoki's tax sale claims based on the statute of limitations or failure to comply with a court order.

[5] These defendants have not been served.

[6] Avoki cites to S.C. Code Ann. § 56-5-3180 (regarding hitchhiking), but appears to likely be referring to S.C. Code Ann. § 56-5-5630 (regarding payment for release of vehicles towed at the behest of law enforcement).

On May 10, 2018, Chester Police had Avoki's 2002 Honda Odyssey towed by Hy-Gloss because it was parked in a "walkway" on the Avoki's property. (Id. ¶ 16, ECF No. 83 at 6.) Avoki claims that the basis for towing his car was pretext to harass him and that the officer lacked proper training. (Id.) Avoki claims Hy-Gloss worked "in concert" with the police to harass and humiliate him and his family. (Id.)

On September 7, 2018, Avoki's children were driving Avoki's black Toyota Camry when they were stopped by Chester Police for driving without lights. (Id. at 17.) The children were arrested in connection with a shooting that had just happened at a nearby grocery store. (Id.) The Chester Police directed Hy-Gloss to impound the Toyota Camry. (Id.)

In the Second Amended Complaint, Avoki expressly lists the following causes of action, verbatim, "1. Origin Discrimination, 2. Negligent Misrepresentation, 3. Conspiracy, 4. Fraud, 5. Slander of Title of the Property, 6. Misrepresentation, 7. Negligence, 8. Illegal Car Towing, 9. Perjury."[7] (Id. at 1.) Plaintiff indicates he seeks an injunction preventing Hy-Gloss from continuing to impound his cars and damages against all of the defendants. (Id. at 12.)

---

[7] In the court's October 2, 2019 order authorizing the issuance and service of process in this case, the court construed the Amended Complaint to assert claims pursuant to 42 U.S.C. § 1983 of illegal search and seizure in violation of the Fourth Amendment, violations of the Equal Protection and Due Process Clauses of the Fourteenth Amendment, and retaliation. (ECF No. 32 at 2.) Those claims do not expressly appear in the Second Amended Complaint. However, the parties' memoranda in support and opposition to the motions currently before the court indicate the parties continue to consider the claims construed by the court's October 2019 order to be claims raised by Avoki. (Hy-Gloss's Mot. to Dismiss, ECF No. 87 at 2; Avoki's Resp. Opp'n to Hy-Gloss's Mot., ECF No. 96 at 5; Chester Defs.' Mem. Supp. of Mot. to Dismiss, ECF No. 90-1 at 6.)

# DISCUSSION

## A.  Rule 12(b)(6) Standard

A motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) examines the legal sufficiency of the facts alleged on the face of the complaint. Edwards v. City of Goldsboro, 178 F.3d 231, 243 (4th Cir. 1999). To survive a Rule 12(b)(6) motion, "[f]actual allegations must be enough to raise a right to relief above the speculative level." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007). The "complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.' " Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Twombly, 550 U.S. at 570). A claim is facially plausible when the factual content allows the court to reasonably infer that the defendant is liable for the misconduct alleged. Id. When considering a motion to dismiss, the court must accept as true all of the factual allegations contained in the complaint. Erickson v. Pardus, 551 U.S. 89, 94 (2007). The court "may also consider documents attached to the complaint, see Fed. R. Civ. P. 10(c), as well as those attached to the motion to dismiss, so long as they are integral to the complaint and authentic." Philips v. Pitt Cty. Mem'l Hosp., 572 F.3d 176, 180 (4th Cir. 2009) (citing Blankenship v. Manchin, 471 F.3d 523, 526 n.1 (4th Cir. 2006)).

Further, while the federal court is charged with liberally construing a complaint filed by a *pro se* litigant to allow the development of a potentially meritorious case, see, e.g., Erickson, 551 U.S. 89, the requirement of liberal construction does not mean that the court can ignore a clear failure in the pleadings to allege facts which set forth a federal claim, nor can the court assume the existence of a genuine issue of material fact where none exists. Weller v. Dep't of Soc. Servs., 901 F.2d 387 (4th Cir. 1990).

**B.     Hy-Gloss's Motion to Dismiss**

Hy-Gloss argues that Avoki fails to allege facts that give rise to a viable claim against Hy-Gloss. (Hy-Gloss's Mot. to Dismiss, ECF No. 87 at 3.) Specifically, Hy-Gloss argues that Avoki fails to explain how its actions resulted in a constitutional violation, or how it engaged in state action.[8] (Id.)

A legal action under 42 U.S.C. § 1983 allows "a party who has been deprived of a federal right under the color of state law to seek relief." City of Monterey v. Del Monte Dunes at Monterey, Ltd., 526 U.S. 687, 707 (1999). To state a claim under § 1983, a plaintiff must allege: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law. West v. Atkins, 487 U.S. 42, 48 (1988).

"To constitute state action, 'the deprivation must be caused by the exercise of some right or privilege created by the State . . . or by a person for whom the State is responsible,' and 'the party charged with the deprivation must be a person who may fairly be said to be a state actor.'" West, 487 U.S. at 49 (quoting Lugar v. Edmondson Oil Co., Inc., 457 U.S. 922, 936 n.18 (1982)). The United States Court of Appeals for the Fourth Circuit has identified four circumstances where a private party can be deemed a state actor:

> (1) when the state has coerced the private actor to commit an act that would be unconstitutional if done by the state; (2) when the state has sought to evade a clear constitutional duty through delegation to a private actor; (3) when the state has delegated a traditionally and exclusively public function to a private actor; or (4) when the state has committed an unconstitutional act in the course of enforcing a right of a private citizen.

---

[8] Hy-Gloss's motion does not address any of Plaintiff's state law claims.

Andrews v. Fed. Home Loan Bank of Atlanta, 998 F.2d 214, 217 (4th Cir. 1993); see also Goldstein v. Chestnut Ridge Volunteer Fire Co., 218 F.3d 337, 341 (4th Cir. 2000). The United States Court of Appeals for the Fourth Circuit has also considered:

> (1) whether the injury caused is aggravated in a unique way by the incidents of governmental authority; (2) the extent and nature of public assistance and public benefits accorded the private entity; (3) the extent and nature of governmental regulation over the institution; and (4) how the state itself views the entity, *i.e.,* whether the state itself regards the actor as a state actor.

Goldstein, 218 F.3d at 342-43 (internal quotation marks and citations omitted). The court must consider the totality of the circumstances in light of these factors and the specific facts of each case. Id. at 343 (quoting Lugar, 457 U.S. at 939).

In response, Avoki first argues that he has stated a claim that Hy-Gloss violated his right to due process when it towed his vehicles without notice and the right to be heard, and violated his right to equal protection under the law by participating in towing practices that have a disproportionate impact on racial minorities and the poor. (Pl.'s Resp. Opp'n to Hy-Gloss's Mot. to Dismiss, ECF No. 96 at 5, 7-8.) Avoki argues that Hy-Gloss can fairly be described as a state actor because it acted in concert with the Chester Police and under authority of state law that authorizes private companies to perform towing services for vehicles impounded by municipal governments. (Id. at 5.) Avoki further argues that under Lugar, when a private party misuses authority granted to it by state law, the private party can be fairly described as a state actor. (Id. at 8-10.)

The court concludes that Avoki plausibly alleges that Hy-Gloss acted under the color of state law when it towed Avoki's three vehicles and violated his constitutional rights. As Avoki alleges, Hy-Gloss's towing activities are authorized and prescribed by South Carolina law, though Avoki cites to the wrong statute in his response in opposition to Hy-Gloss's motion. Avoki also

alleges that Hy-Gloss towed his vehicles at the behest of the Chester Police, and has a practice of predatory towing in poor and minority communities in conjunction with the Chester Police. Accepting Avoki's allegations as true for the purposes of this motion, Avoki has plausibly alleged that Hy-Gloss acted under the color of state law in towing and impounding his vehicles. See, e.g., Smith v. Insley's Inc., 499 F.3d 875, 880 (8th Cir. 2007) (finding a towing company acted under state law for purposes of a § 1983 claim by towing the plaintiff's vehicle at the direction of the sheriff and in support of a criminal investigation); Stypmann v. City & Cty. of S.F., 557 F.2d 1338, 1341 (9th Cir. 1977) (holding that a private towing company acting at the behest of a police officer enforcing traffic laws acts under color of state law for the purposes of § 1983 claim). Accordingly, Hy-Gloss's motion to dismiss should be denied.

C.     **Chester Defendants' Motion**

The Chester Defendants argue Avoki fails to state a claim against Defendant George Caldwell. The court agrees. Avoki's Second Amended Complaint contains no allegations against Caldwell regarding his claims about Avoki's vehicles being towed. In response to the motion, Avoki argues that Caldwell was involved in the tax sale of his house. (ECF No. 114.) However, as previously explained, claims regarding the tax sale of Avoki's property are not properly before the court in this matter. Because the Second Amended Complaint contains no allegations against Caldwell that would plausibly show Caldwell violated Avoki's constitutional rights or caused Avoki any injury, see Iqbal, 556 U.S. at 678; Twombly, 550 U.S. at 570; Avoki fails to state a claim against Caldwell upon which relief can be granted and Caldwell should be dismissed as a defendant in this matter.

## RECOMMENDATION

Based on the foregoing, the court recommends that Hy-Gloss's motion to dismiss be denied (ECF No. 87) and the Chester Defendants' motion should be granted as to Defendant Caldwell (ECF No. 90.)

May 27, 2020
Columbia, South Carolina

Paige J. Gossett
UNITED STATES MAGISTRATE JUDGE

*The parties' attention is directed to the important notice on the next page.*

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.' " Diamond v. Colonial Life & Acc. Ins. Co., 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); see Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

> Robin L. Blume, Clerk
> United States District Court
> 901 Richland Street
> Columbia, South Carolina 29201

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984).