IN THE UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
ROCK HILL DIVISION

| | |
|---|---|
| Francisco K. Avoki, | Case No. 0:19-cv-324-SAL-PJG |
| Plaintiff, | |
| v. | |
| City of Chester, SC; HyGloss Paint & Body Shop, Inc.; Cpl. Robert Martz; Mayor George Caldwell, | **OPINION AND ORDER** |
| Defendants. | |

## I.    Introduction

Plaintiff Francisco K. Avoki filed this civil rights action as a *pro se* litigant on February 4, 2019, asserting various constitutional violations and pendant state law claims. *See* ECF No. 1. The Court's October 2, 2019 Order authorizing the issuance of summonses construed the Complaint as asserting claims under 42 U.S.C. § 1983 for illegal search and seizure in violation of the Fourth Amendment, violations of the Equal Protection and Due Process Clauses of the Fourteenth Amendment, and retaliation. ECF No. 32 at 2. Defendant HyGloss Paint & Body Shop, Inc. ("Hy-Gloss") filed a motion to dismiss the Second Amended Complaint on February 10, 2020, ECF No. 87, and Defendants City of Chester, Cpl. Robert Martz, and George Caldwell ("Chester Defendants") filed a motion to dismiss on February 13, 2020. ECF No. 90.

This matter is now before the Court for review of the May 27, 2020 Report and Recommendation ("Report") issued by United States Magistrate Judge Paige J. Gossett in accordance with 28 U.S.C. § 636(b)(1) and Local Civil Rule 73.02(B) (D.S.C.). ECF No. 118. In the Report, the Magistrate Judge recommends denying Hy-Gloss' motion and granting the Chester Defendants' motion. The Report sets forth the relevant factual and procedural background of this

1

case, and Magistrate Judge's factual recitation is incorporated herein except to the extent it describes Plaintiff as proceeding *in forma pauperis*. *See* ECF No. 24 (payment of filing fee).

Plaintiff filed his objections to the Report on June 15, 2020. ECF No. 123. In his objections, Plaintiff takes issue with (1) the Magistrate Judge's reference to Plaintiff as a litigant *in forma pauperis*;[1] (2) the Magistrate Judge's authority to issue a Report; (3) the Magistrate Judge's recommendation that the Court deny Plaintiff's motion to amend; (4) misapplication of Rule 15 of the Federal Rules of Civil procedure in connection with Plaintiff's motion to amend; and (5) the Magistrate Judge "[d]etermining, without any analysis of the nullification of plaintiff claims in fraud, negligent misrepresentation, and breach of SC 12-51-90 and 120 is an abuse of discretion." ECF No. 123 at 3 (quoted material reproduced verbatim).

The Chester Defendants replied on June 29, 2020, arguing generally that the Court should adopt the Report and that the Magistrate Judge properly issued the Report in accordance with 28 U.S.C. § 636 and Local Civil Rule 73.02(B). Hy-Gloss did not file an objection to the Report or reply to Plaintiff's objections.

After a thorough review of the record, the Report, the parties' objections and reply, and the applicable law, the Court overrules' Plaintiff's objections, adopts the Report in its entirety, denies Hy-Gloss' motion, and grants the Chester Defendants' motion.

## II.    Legal Standard

Under Fed. R. Civ. P. 12(b)(6), a party may move to dismiss for "failure to state a claim upon which relief can be granted." When considering a Rule 12(b)(6) motion, the Court must accept the plaintiff's factual allegations as true and draw all reasonable inferences in the plaintiff's favor. *See E.I. du Pont de Nemours & Co. v. Kolon Indus.*, 637 F.3d 435, 440 (4th Cir. 2011). The

---

[1] Because the record in this case reflects Plaintiff's payment of the applicable filing fee, the Court sustains this objection. It is irrelevant, however, to whether the recommendations in the Report should be adopted.

Court need not, however, accept the plaintiff's legal conclusions. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). On a motion to dismiss, the Court's task is limited to determining whether the complaint states a "plausible claim for relief." *Id.* at 679. Although Rule 8(a)(2) requires only a "short and plain statement of the claim showing that the pleader is entitled to relief," a "formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). To survive a motion to dismiss under Rule 12(b)(6), a complaint must contain "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 570).

Having applied the foregoing standard, the Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with this Court. *See Mathews v. Weber*, 423 U.S. 261, 270–71 (1976). The Court is charged with making a de novo determination of only those portions of the Report that have been specifically objected to, and the Court may accept, reject, or modify the Report, in whole or in part. 28 U.S.C. § 636(b)(1). In the absence of objections, the Court is not required to provide an explanation for adopting the Report and must "only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (citing Fed. R. Civ. P. 72 advisory committee's note).

## III.     Discussion

3

After a thorough review of the record, and accepting the factual allegations of the Second Amended Complaint as true, the Court finds that Plaintiff has stated a plausible claim for relief against Hy-Gloss, but he has not done so with respect to the Chester Defendants. In addition, Plaintiff's objections directed at the Magistrate Judge's authority to issue the Report and the propriety of Plaintiff's claims regarding the tax sale of his house are without merit.

### A.     Plaintiff Purported Withholding of Consent to Refer This Action to a Magistrate Judge is of No Effect.

Because *pro se* actions are automatically referred to a United States Magistrate Judge in this district, *see* 28 U.S.C. § 636(b)(1)(B) (authorizing district judge's to designate a magistrate judge to submit proposed findings of fact and recommendations for the disposition of, *inter alia*, motions to dismiss); 28 U.S.C. § 636(b)(4) (requiring district courts to establish rules pursuant to which the magistrate judges shall discharge their duties); Local Civil Rule 73.02(B)(2)(e) (automatically referring to a magistrate judge all pretrial proceedings involving litigation by individuals proceeding *pro se*), Plaintiff's purported withholding of consent is of no effect.

In support of his objection on this point, Plaintiff submits a Form AO-85 (Notice, Consent, and Reference of a Civil Action to a Magistrate Judge), in which Plaintiff, in his own handwriting, notes "Plaintiff[] withhold[s] [his] consent." ECF No. 123-1 at 2. This form, however, allows parties to consent to a magistrate judge's authority to conduct proceedings in actions not otherwise automatically referred. Parties cannot withhold their consent to the automatic references established in Local Civil Rule 73.02(B)(2)(e). To the extent Plaintiff raises a constitutional challenge to a magistrate judge's authority, his argument fails. *See Martin v. Reynolds*, C/A No. 6:07-cv-2689-HMH-WMC, 2008 WL 2557435, at *2 (D.S.C. June 20, 2008) (rejecting due process argument against referral to magistrate judge).

4

Because the Magistrate Judge had authority under the Magistrate's Act, 28 U.S.C. § 631, *et seq.* and Local Civil Rule 73.02(B)(2)(e) to issue the Report, Plaintiff's objection based on his withholding consent to that authority is overruled.

**B.    Plaintiff's Second Amended Complaint Disregards an Order of the Court, and Allegations Regarding a Fraudulent Tax Sale of Plaintiff's House are Properly Stricken Pursuant to Fed. R. Civ. P. 12(f)(1).**

Plaintiff's final three objections contest, at bottom, whether he may bring claims related to an alleged fraudulent tax sale of Plaintiff's house. Because the Court has previously ruled on this issue and ordered that Plaintiff's Second Amended Complaint not contain such claims, the objections are overruled.

On January 16, 2020, the Magistrate Judge denied Plaintiff's motion for leave to amend his complaint without prejudice, finding that the proposed amended complaint contained improperly joined claims related to the tax sale of Plaintiff's house. ECF No. 77. Plaintiff was given time to amend his pleading to state properly joined claims, but the Magistrate Judge made clear, "**Francisco Avoki may not include claims related to the tax sale of his house** . . . ." *Id.* at 2 (emphasis in original). Plaintiff sought review of the Magistrate Judge's order, and the undersigned overruled Plaintiff's objections. ECF No. 111. Nevertheless, on January 31, 2020, Plaintiff filed his Second Amended Complaint, ECF No. 83, disregarding an order of the Court, alleging claims against Kenneth Marsh, Deborah Watkins, and Sandi Worthy in connection with the tax sale of his house.

Where the Court has already determined that allegations related to the tax sale are not properly joined in this action, such allegations are properly stricken pursuant to Rule 12(f)(1) of the Federal Rules of Civil Procedure. A court may strike from a pleading, *sua sponte*, any

immaterial or impertinent matter. Fed. R. Civ. P. 12(f)(1). Plaintiff's objections on this matter are accordingly overruled.

### IV.   Conclusion

After a thorough review of the record, the Report, Plaintiff's objections, and the applicable law, the Court overrules Plaintiff's objections and adopts the Report in its entirety. Accordingly, Defendant Hy-Gloss' Motion to Dismiss, ECF No. 87, is DENIED, and the Chester Defendants' Motion to Dismiss, ECF No. 90, is GRANTED. Defendant George Caldwell shall be terminated as a party, and this action is recommitted to United States Magistrate Judge Paige J. Gossett for further pretrial handling.

IT IS SO ORDERED.

/s/ Sherri A. Lydon
Sherri A. Lydon
United States District Judge

Florence, South Carolina

August 17, 2020