IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
ROCK HILL DIVISION

| | | |
|---|---|---|
| Francisco K. Avoki, | ) | C/A No. 0:19-cv-324-SAL |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | **OPINION & ORDER** |
| City of Chester, South Carolina; Police | ) | |
| Dept. of Chester, South Carolina; HyGloss | ) | |
| Paint & Body Shop, Inc.; Cpl. Robert | ) | |
| Martz; Ptl. Tyler Covington, | ) | |
| | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

This matter is before the court for review of the January 4, 2022 Report and Recommendation of United States Magistrate Judge Paige J. Gossett (the "Report"), made in accordance with 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2) (D.S.C.). The Report recommends that the district court grant Defendants' motions for summary judgment and deny Plaintiff's motions for summary judgment. [ECF No. 289.] For the reasons stated herein, this court adopts the Report in its entirety.

**BACKGROUND**

Plaintiff Francisco K. Avoki's ("Plaintiff"), appearing *pro se*, filed this action pursuant to 28 U.S.C. § 1983. The Second Amended Complaint, which is the operative pleading in this matter, was filed on January 31, 2020. [ECF No. 83.] The Magistrate construed the Second Amended Complaint as asserting claims for illegal search and seizure in violation of the Fourth Amendment, violations of the Equal Protection and Due Process Clauses of the Fifth and Fourteenth Amendments, and retaliation. *See* [ECF No. 289 at 4.] All claims surround three separate events: (1) the towing of a blue minivan owned by Plaintiff's wife, Ekoko Avoki, because it was not

1

insured and the subsequent sale of the minivan by the City of Chester at a public auction; (2) the towing of a gold minivan owned by Plaintiff that was blocking the sidewalk in front of his house; and (3) the towing of a black sedan owned by Plaintiff that Plaintiff's son, William Avoki, was driving at the time of his arrest by City of Chester Police.

The parties filed cross-motions for summary judgment on all claims. [ECF Nos. 254, 258, 263 & 264.] The parties also filed responses in opposition to the opposing party's motion, ECF Nos. 265, 266, 270, 275 & 276, as well as corresponding replies, ECF Nos. 268, 278 & 282. On January 4, 2022, the Magistrate Judge issued her Report recommending the court grant Defendants' motions for summary judgment, ECF Nos. 254 & 258, and deny Plaintiff's motions for summary judgment, ECF Nos. 263 & 264. [ECF No. 289]

Plaintiff's objections to the Report were due by January 21, 2022. On January 24, 2022, the court received Plaintiff's motion for the Magistrate Judge to reconsider her Report or alternatively, recuse herself, prior to Plaintiff presenting his objections to the Report. [ECF No. 291.] On January 25, 2022, the court denied the motion and provided Plaintiff an extension of time until February 4, 2022, to file his objections to the Report. Plaintiff filed his objections on February 14, 2022, ECF No. 298, and this matter is ripe for review.

## STANDARD OF REVIEW

The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with this Court. *See Mathews v. Weber*, 423 U.S. 261, 270–71 (1976). The Court is charged with making a de novo determination of only those portions of the Report that have been specifically objected to, and the Court may accept, reject, or modify the Report, in whole or in part. 28 U.S.C. § 636(b)(1). In the absence of objections, the Court is not required to provide an explanation for

adopting the Report and must "only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (citing Fed. R. Civ. P. 72 advisory committee's note).

## DISCUSSION

First, the Court addresses Plaintiff's argument that the Magistrate Judge lacked jurisdiction to issue her Report because he is not a prisoner and has not consented to the Magistrate Judge issuing her Report. [ECF No. 298 at 2–3.] Although Plaintiff is not a prisoner, he is proceeding *pro se*, and therefore his case was automatically referred to the Magistrate Judge pursuant to Local Civil Rule 73.02(B)(2)(e) (D.S.C.), which provides that "[a]ll pretrial proceedings involving litigation by individuals proceeding pro se" are assigned to a magistrate judge upon filing. *See Avoki v. City of Chester*, SC, No. 0:19-cv-324, 2020 WL 4745568, at *2 (D.S.C. Aug. 17, 2020) (overruling Plaintiff's objection that he withheld consent to Local Civil Rule 73.02(B)(2)(e)'s automatic reference provision and the Magistrate Judge's authority). And to the extent that Plaintiff argues Local Rule 73.02(B) is inconsistent with the Federal Rules, his objection lacks merit. *See* 28 U.S.C. § 636(b)(1)(B) (authorizing district judges to designate a magistrate judge to submit proposed findings of fact and recommendations for the disposition of, inter alia, motions for summary judgment); 28 U.S.C. § 636(b)(4) (requiring district courts to establish rules pursuant to which the magistrate judges shall discharge their duties).

Next, Plaintiff argues that the Report erred when it concluded that his wife was the owner of the blue minivan towed by Defendant HyGloss on April 3, 2018, that was eventually sold at auction. [ECF No. 298 at 1, 5.] Plaintiff maintains that he owns the minivan. *Id.* The Report addressed and rejected this argument based on the record in this case, which "unequivocally shows that Ekoko Avoki is the registered owner of the vehicle." [ECF No. 289 at 3 n.4 (citing ECF No.

3

258-2 at 4, ECF No. 264-2 at 6.)] Plaintiff has provided no evidence to dispute the Report's finding, and his objection is overruled. The Report, therefore, correctly concluded that Plaintiff lacks standing to contest the seizure of his wife's vehicle, and any objection to this finding is overruled. *See* [ECF No. 289 at 11 n.11 (citing *Beck v. McDonald*, 848 F.3d 262 (4th Cir. 2017))].

Third, Plaintiff argues that that his due process rights were violated by Defendant HyGloss selling the blue minivan at auction without notifying him or registering a lien as required by South Carolina law. *See* [ECF No. 298 at 1.] However, the Report granted summary judgment as to Defendant HyGloss on Plaintiff's due process claim because Plaintiff failed to produce any evidence from which a jury could reasonably find that Defendant HyGloss acted under the color of state law. [ECF No. 289 at 6–9.] Plaintiff does not point the court to a specific error in this finding, and the court finds no clear error in this portion of the Report. Similarly, to extent that Plaintiff summarily challenges the City of Chester's ability to "escape accountability" regarding its handling of the vehicle, *see* ECF No. 298 at 2, the Report granted summary judgment in favor of the municipality because Plaintiff did not show that a policy or custom of the City of Chester caused his purported constitutional injuries. [ECF No. 289 at 9–10 (citing *Semple v. City of Moundsville*, 195 F.3d 708, 712 (4th Cir. 1999)).] Plaintiff fails to identify any such policy or custom in his objections, and the court finds no clear error in this portion of the Report.

Finally, Plaintiff argues that the court has proper jurisdiction over his state claims under 28 U.S.C. § 1332(a)(1) and therefore should have addressed his state claims, or alternatively remanded the claims to the state court. *See* [ECF No. 298 at 4.] Plaintiff, however, brought this action pursuant to 42 U.S.C. § 1983, and the Report addressed his claims for illegal search and seizure in violation of the Fourth Amendment, violations of the Equal Protection and Due Process Clauses of the Fifth and Fourteenth Amendments, and retaliation. *See* [ECF No. 289 at 4.]

Plaintiff does not identify where in his Second Amended Complaint he asserted state law causes of action, and the Report properly disregarded "other claims" the Plaintiff referenced because he failed to specifically assert the causes of action, failed to assert specific facts or make legal arguments to support those claims, and did not identify against which Defendants he asserted the claims. *Id.* at 4 n.9. Plaintiff's objections as to his state claims are therefore, overruled.

## CONCLUSION

After a thorough review of the Report, the applicable law, and the record of this case in accordance with the above standard, the court adopts the Report, ECF No. 289, and incorporates the Report by reference herein. As a result, the court **GRANTS** Defendants' motions for summary judgment, ECF Nos. 254 & 258, and **DENIES** Plaintiff's motions for summary judgment, ECF Nos. 263 & 264. This case is hereby **DISMISSED.**

**IT IS SO ORDERED.**

February 17, 2022
Florence, South Carolina

/s/Sherri A. Lydon
Sherri A. Lydon
United States District Judge

5